### STATE, EX REL. MOHLER, V. REYNOLDS R. KINKADE.

1. MANDAMUS WILL NOT LIE TO COMPEL COURT TO ENTER ORDER AS OF SUBSEQUENT TERM.

Mandamus will not lie after the term to compel a court to make an entry of an order overruling a motion for a new trial as of a date of the subsequent term, in order to allow a party to prepare and file a bill of exceptions, where no action was taken by such party until after the previous term and the time had gone by for preparing and filing the same, and it further appears that all the parties and the deputy clerk were present in open court at the time the motion was overruled and had full knowledge thereof that such party was not misled, and took no action to protect his rights.

2. MOTION DOCKET NOT OFFICIAL.

It is the duty of the clerk of courts to record the action of the court in the court journal on the date thereof and according to the truth of the matter, and a refusal by him to receive an entry overruling a motion for a new trial, when such action has been taken by the court, on the sole ground that no memorandum of such action appears on the "motion docket," is without warrant. Such docket is unknown to the statutes, and a memorandum thereon made by the court is merely for its own information.

3. NUNC PRO TUNC ORDER WILL NOT ISSUE WHERE PARTY PRESENT, TAKING NO ACTION TO PROTECT RIGHT.

A *nunc pro tunc* order will not issue on motion of a party who was present at the time and had full knowledge of the action of the court, but took no action to defend his rights.

**Joseph R. W. Cooper, Esq.,** and **Frank G. Crane, Esq.,** for relator.

**Doyle & Lewis,** for defendant.

**HAYNES, J.** (Orally.)

This is a petition in mandamus filed by the relator, the object and prayer of which is to compel a judge of the court of common pleas to enter the overruling of a motion for a new trial, in a certain case, as of the September term, 1903, of that court. The facts of the case are these: Mohler had sued The Grasser & Brand Brewing Company; the case came on for trial and a verdict was directed by the judge of the court in favor of the defendant, this occurring in May, 1903; and thereupon the plaintiff filed a motion for a new trial. The motion came on to be heard on June 29 of that year, was argued by counsel and overruled by the court. The matter seems to have rested there until somebody waked up later in the season, along in September, and got an impression that they ought to file a bill of exception so that they could file a petition in error, and they found then that no entry had been placed upon the journal of the overruling of the motion for a new trial. There-

upon, on September 4, 1903, there was a journal entry tendered by Mohler's counsel to the clerk of the court of common pleas, which purported to be the overruling of the motion for a new trial of the last day of the previous term, that term having adjourned on July 28, 1903. The clerk refused to make the entry. Thereupon a motion was filed by the plaintiff for an order *nunc pro tunc* for the entering of the overruling of the motion for a new trial as of June 29, the date that it was overruled. For some reason, this was overruled by the court. The petition for mandamus avers that there never has been any judgment entered in the case, and there the matter stands, so far as the journal in the court of common pleas is concerned. Incidentally I should say that the court had, on September 8, 1903, made an entry on his docket, but he afterwards erased it for the reason that it had been made by the judge himself after the term, and so improperly made at that time. Defendant's counsel filed a bill of exceptions on September 4, 1903, with the clerk, and that matter was brought up before the judge and he refused to sign the bill of exceptions.

Now, as a way out of the difficulty, a petition in mandamus filed to have the entry overruling the motion for a new trial made as of the September term, which commenced on September 15, to let the bill of exceptions be signed and filed. It appears from the record that counsel for both parties were present when the motion for a new trial was overruled and the court made its decision, and the court was there and the clerk of the court by his deputy. It will be observed that no step was taken by any party from that time afterwards until more than sixty day had elapsed from the time of the overruling of the motion, when activity was commenced. The reason assigned by the clerk for not receiving the journal entry that was furnished by defendant's counsel was, that there was no memorandum on the docket of the court of common pleas. That book is known as the "motion docket" by us, but it is not known to the statute; a "trial docket" is provided for by the statute, and that is the one that is kept by the court. It has been determined more than once by the Supreme Court of this state that a memorandum made by the judge upon that docket is merely a memorandum for his own information. The motion was overruled on the twenty-ninth in open court, and that was the act of the court. It was the duty of the clerk under the statute to record the acts of the court in the journal of the court. No time is stated when it should be done, but it is ordered to be done and it is to be done according to the truth of the case. This entry should have been made and should have been made on June 29, that was the truth of the case.

State v. Kinkade.

The defendants had a right, immediately upon the overruling of the motion, if they wished to take the case to a higher court, to take steps and file a bill of exceptions. They had forty days in which to do that; and if they desired the journal entry to be made so that the record could go up with the journals all complete, they could have called the attention of the court to it and had the entry made. We know of no reason, and I may say that we see no right for the court of common pleas to make an entry in September overruling the motion for a new trial. It is possible that after the term he might, upon a proper statement of facts, set aside the former motion and rehear the case; but to simply set aside and reenter it I think would be beyond the proper exercise of his power. The party in whose favor the motion was overruled has his rights in the matter, and he had a right to have the entry made as of the date at which the overruling was made and his right is fixed as of that time. The statute, Sec. 5301 Rev. Stat. (96 O. L. 16), provides that the party excepting must reduce his exceptions to writing and file the same within forty days after the overruling of the motion for a new trial. He had his forty days within which to do that and it was his duty to take steps to do that within that time if he desired to take the case further.

With this statement of the facts and of the law of the case as we understand it we think this application for a mandamus should be overruled. The party has had his day in which to file his bill of exceptions and that time has passed. He has not been misled by any person or by any party. He was present in open court and heard the ruling of the court and he was bound to act upon that ruling if he desired to take exceptions to the overruling and the action of the court or have a hearing upon that in another court. It is argued that a *nunc pro tunc* order should not be allowed as of June 29, as it would work a hardship and an injury to the other party. It is true that that rule is laid down in regard to *nunc pro tunc* orders, but at the same time the power to enter such orders is well and definitely fixed and is exercised often many years after the time that the action was taken by the court. There was a hard-fought case from this county where there had been a motion overruled and failure to enter a judgment, and an application was made more than seven years after, and the entry was made and was sustained by the courts. The rule, so far as this case is concerned, has no application whatever, because the parties were present and had full knowledge of what was done by the court and were bound to act upon the knowledge that they possessed at that time and defend their rights.

For these reasons the application for a writ of mandamus will be denied and refused at the costs of the relator.